UNITED STATES DISTRICT COURT
DISTRICT OF MAINE – BANGOR DIVISION



UNITED STATES OF AMERICA
v.
ERIC FRIBERG, Defendant (Pro Se)

Case No. 1:26-PO-00002-JCN

**DEFENDANT'S MOTION FOR PRETRIAL RULING ON DISCRETE LEGAL ISSUES**

Defendant, proceeding pro se, respectfully moves this Court for a pretrial ruling on discrete legal issues capable of resolution without factual development. Resolution of these issues will narrow the scope of trial, promote judicial economy, and ensure that enforcement of the cited regulations conforms to constitutional and statutory limits.

I. ISSUES PRESENTED

1. Whether 6 C.F.R. § 139.65(b)(2) permits photography in publicly accessible interior areas of federal facilities as a matter of law.

2. Whether a directive issued under 6 C.F.R. § 139.30 may prohibit conduct expressly permitted by § 139.65(b)(2).

3. Whether enforcement of a photography restriction in a publicly accessible area must satisfy First Amendment requirements, including narrow tailoring.

4. Whether a failure-to-comply charge under § 139.30 can be sustained where the underlying directive exceeds regulatory or constitutional limits.

II. PROCEDURAL POSTURE

Defendant is charged under 6 C.F.R. § 139.30 based on an alleged failure to comply with a directive, including a demand for identification, arising from photography conducted inside a federal facility.

For purposes of this motion only, Defendant relies on the allegations as framed by the government and does not seek resolution of disputed factual issues.

III. GOVERNING REGULATORY FRAMEWORK

6 C.F.R. § 139.65(b)(2) provides that individuals may photograph "publicly accessible interior areas" of federal facilities, including entrances, lobbies, and corridors, so long as such activity does not impede or disrupt operations.

6 C.F.R. § 139.30 requires compliance with official signs and lawful directions of authorized personnel.

This motion presents the legal question of how these provisions interact.

IV. ARGUMENT

A. Section 139.65(b)(2) Establishes a Legal Baseline Permitting Photography in Public Areas

By its plain text, § 139.65(b)(2) affirmatively permits photography in publicly accessible interior spaces, subject only to a disruption-based limitation.

The interpretation of a federal regulation is a question of law for the Court. See *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177 (1803).

1. Subsection (b)(3) Does Not Limit the Scope of (b)(2)

6 C.F.R. § 139.65(b)(3), which requires "express permission" for photography in certain interior spaces, must be read in harmony with subsection (b)(2).

As a matter of regulatory interpretation, subsection (b)(3) applies to restricted interior areas, such as non-public workspaces, and does not narrow the category of "publicly accessible interior areas" expressly addressed in subsection (b)(2). Reading subsection (b)(3) to override subsection (b)(2) would render the express permission for photography in publicly accessible areas meaningless, contrary to basic principles of regulatory construction that require provisions to be interpreted in a manner that gives effect to all parts of the regulation. The fact that a government agency rents space from another part of the federal government should not diminish the public's First Amendment rights in areas that are otherwise publicly accessible.

Accordingly, the relationship between subsections (b)(2) and (b)(3) presents a question of law appropriate for pretrial resolution.

B. A Directive Under § 139.30 Cannot Prohibit Conduct Affirmatively Permitted by Regulation

Section 139.30 requires compliance only with lawful directives. A directive that conflicts with another governing regulation exceeds that authority and is unenforceable. An agency may not enforce a directive that contradicts its own governing regulation.

Courts have recognized that enforcement actions must be grounded in lawful authority and consistent with governing regulations. See *United States v. Strakoff,* 719 F.2d 1307, 1312 (5th Cir. 1983).

This presents a purely legal question: whether § 139.30 authorizes personnel to prohibit activity that § 139.65(b)(2) expressly permits.

C. Any Restriction on Photography in Public Areas Must Satisfy First Amendment Standards

The First Circuit has recognized a First Amendment right to record government officials performing their duties in public. See *Glik v. Cunniffe,* 655 F.3d 78, 82–84 (1st Cir. 2011).

Content-neutral restrictions on expressive conduct must be narrowly tailored to serve a significant governmental interest and may not burden substantially more speech than necessary. See *Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989); *McCullen v. Coakley,* 573 U.S. 464, 486–87 (2014).

Additionally, the government may not impose liability for the dissemination of information that it has itself made publicly available. See *Florida Star v. B.J.F.*, 491 U.S. 524, 540 (1989).

The Court may therefore determine, as a matter of law, whether a categorical prohibition on photography in a publicly accessible lobby, if imposed, would satisfy these constitutional requirements.

D. A Failure-to-Comply Charge Cannot Stand if the Underlying Directive Is Unlawful

A charge under § 139.30 depends on the legality of the underlying directive. If the directive exceeds statutory or constitutional limits, noncompliance cannot form the basis of liability.

Whether the cited regulation can sustain a charge absent a lawful directive is a legal question appropriate for pretrial resolution.

V. SCOPE OF REQUEST

Defendant does not ask the Court to resolve disputed facts, including:

- whether any disruption occurred;
- the precise nature of the interaction between Defendant and officers;
- or the circumstances of any detention.

Those matters remain reserved for trial or other appropriate motions.

Instead, Defendant seeks only legal clarification of the governing framework so that any factual determinations may be evaluated under the correct legal standards.

VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue a pretrial ruling:

1. Clarifying the scope of 6 C.F.R. § 139.65(b)(2) as it applies to photography in publicly accessible interior areas;

2. Determining whether a directive under § 139.30 may prohibit conduct expressly permitted by § 139.65(b)(2); and

3. Establishing the legal standard governing enforcement of photography restrictions under the First Amendment.

Respectfully submitted,

X ~~Eric Friberg~~

Eric Friberg
Defendant (Pro Se)
26 Penny Ln
Pittston, ME 04345
973-862-164
trebleridgefarm@gmail.com
April 2, 2026

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Defendant's Motion for Pretrial Ruling on Discrete Legal Issues was delivered by hand to the Office of the United States Attorney, District of Maine, Bangor, Maine, on this 2nd day of April, 2026.

X

Eric Friberg
Defendant (Pro Se)
26 Penny Ln
Pittston, ME 04345
973-862-164
trebleridgefarm@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE – BANGOR DIVISION
UNITED STATES OF AMERICA
v.
ERIC FRIBERG, Defendant (Pro Se)
Case No. 1:26-PO-00002-JCN

PROPOSED ORDER GRANTING PRETRIAL RULING ON DISCRETE LEGAL ISSUES

Upon consideration of Defendant's Motion for Pretrial Ruling on Discrete Legal Issues, and the Court being otherwise sufficiently advised, it is hereby:

Ordered that the motion is GRANTED IN PART as follows:

1. The Court clarifies that 6 C.F.R. § 139.65(b)(2) permits photography in publicly accessible interior areas of federal facilities, subject only to reasonable limitations preventing disruption of operations.
2. The Court determines that a directive issued under 6 C.F.R. § 139.30 may not prohibit conduct expressly permitted by § 139.65(b)(2).
3. The Court establishes that any restriction on photography in publicly accessible interior areas must satisfy the First Amendment's content-neutral, narrowly tailored standard.
4. Enforcement of a failure-to-comply charge under § 139.30 depends upon the legality of the underlying directive; noncompliance with an unlawful directive cannot form the basis of criminal liability.

All other issues, including factual disputes regarding the detention or alleged disruption, are reserved for trial or further motions.

SO ORDERED this ___ day of _____, 2026.

United States Magistrate Judge
John Nivison